Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7518 | **DATE** | 10/8/2002 |
| **CASE TITLE** | Wilhelm vs. McAnn's W 48th St | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation to Hon. Marvin Aspen that an order be entered to compel payment of past due and accruing interim withdrawal liability payments against certain defendants, is submitted herewith. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

(11) ■ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | **OCT 09 2002** date docketed | 53 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | G·Y. docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to judge/magistrate judge. | | 10/8/2002 date mailed notice | |
| MW | courtroom deputy's initials | | MW6 mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN W. WILHELM, et al., | ) | |
|     Plaintiffs, | ) | Cause No. 01 C 7518 |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | Magistrate Judge Geraldine Soat Brown |
| MC ANN'S W. 48TH STREET REST., et al., | ) | |
|     Defendants. | ) | |
| | ) | |

To:     The Honorable Marvin E. Aspen
        United States District Court Judge

## REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

This is an action by the Hotel Employees and Restaurant Employees International Union Pension Fund and Trustees of that Fund ("Plaintiffs") against certain entities and individuals to collect withdrawal liability payments allegedly due and unpaid under ERISA as amended by the Multiemployer Pension Plan Amendments of 1980, 29 U.S. C. §§ 1001-1453. The District Judge referred certain matters to the Magistrate Judge for order or report and recommendation. [Dkt 37, 41.] For the reasons set out herein, this Court respectfully recommends that the District Judge enter an Order to Compel Payment of Past Due and Accruing Interim Withdrawal Liability Payment Against Certain Defendants, as requested by the Plaintiffs, which will resolve the Plaintiffs' Motion to Compel [dkt 24] as to certain defendants, with the determination of that motion as to the

remaining defendants to be made following further briefing and argument.

## FACTUAL BACKGROUND

The Plaintiffs' Amended Complaint [dkt 19] names as defendants more than two dozen entities, which Plaintiffs call the "McAnn's Control Group" and which Plaintiffs allege entered into collective bargaining agreements covering restaurant, food and beverage service employees. (Am. Compl. ¶¶ 5-7.)[1] The Amended Complaint also names two individual defendants, Bruce Felshman and Robert Felshman, whom Plaintiffs allege executed various Master Collective Bargaining Agreements on behalf of the McAnn's Control Group. (Am. Compl. ¶¶ 7-13.) The Amended Complaint further alleges that collective bargaining agreements bound the McAnn's Control Group to the Pension Fund Trust Agreements; that in 1999, the McAnn's Control Group ceased to be a participating employer under the Pension Plan and withdrew from the Pension Plan in a complete withdrawal as that term is defined in 29 U.S.C. §1383(a); and that, as a result, the McAnn's Control Group incurred withdrawal liability to the Pension Plan in the amount of $2,923,985.29, plus interest, fees and penalties. (Am. Compl. ¶¶ 14-15, 18, 36.) The Amended Complaint seeks to impose personal liability on Bruce Felshman and Robert Felshman for that withdrawal liability under a variety of theories.[2]

Following the District Judge's referral, this Court held an oral argument on Plaintiffs'

---

[1] Plaintiffs allege that some of the defendant entities who are called corporations are not registered corporations. (Am. Compl. ¶¶ 40-41.)

[2] The entity defendants and the individual defendants are collectively referred to as the "Defendants." They are represented by the same counsel with the exception of defendant Mc Ann's Bar & Restaurant, Inc., which is a different entity from Mc Ann's Bar & Restaurant Corp. Defendants' counsel does not represent Mc Ann's Bar & Restaurant, Inc.

2

Motion for Entry of an Order Requiring Defendants to Pay Past Due and Accruing Interim Withdrawal Liability Payments Pursuant to 29 U. S. C. § 1399 [24-1], on September 6, 2002. At that argument it became apparent that many, if not most, of the named defendant entities are dissolved or otherwise out of business. Although the individual defendants and certain of the defendant entities deny that they have any withdrawal liability, counsel for the Defendants acknowledged that a number of the named defendants have no good faith defense to the obligation to pay interim withdrawal payments pursuant to the statute. In order to simplify the remaining issues, and consistent with the principles of the ERISA statute (discussed below), counsel for the Defendants was instructed to provide to Plaintiffs' counsel a list of all entities named in the Amended Complaint as to which the Defendants recognize there is no good faith defense to the entry of an order for interim withdrawal liability payments. [Dkt 42.]

Pursuant to that order, Defendants' counsel provided to Plaintiffs' counsel and the Court the letter that is attached as Exhibit A to this Report and Recommendation. That letter states, in part, that the Defendants do not oppose the entry of an order requiring interim withdrawal liability payments from certain defendants identified in the letter. Accordingly, Plaintiff's counsel prepared an Order to Compel Payment of Past Due and Accruing Interim Withdrawal Liability Payment Against Certain Defendants (the "Draft Order"). At the continued hearing on the Plaintiffs' motion on September 13, 2002, Defendants' counsel stated that he had been provided with a copy of the Draft Order prepared by Plaintiffs' counsel, and did not have any objection to it. Accordingly, that Draft Order was entered by this Court. Upon further reflection, it appeared that such an order is not within the authority of a Magistrate Judge to determine under 28 U.S.C. §636(b)(1)(A). *See Central States, Southeast and Southwest Pension Fund v. Wintz Properties, Inc.*, 155 F.3d 868, 873-74 (7th

Cir. 1998)(order compelling interim withdrawal payments treated as injunction). Therefore, this Court *sua sponte* vacated that order. This Report and Recommendation replaces that order.

## ANALYSIS

The Seventh Circuit has observed that ERISA, as amended by the Multiemployer Pension Plan Act Amendments, "unequivocally establishes a 'pay now, arbitrate later' scheme." *Central States v. Wintz Properties*, 155 F.3d at 872.

> [W]hile an employer may withdraw from a fund, it pays a penalty if it does. The penalty is called "withdrawal liability"; it means the employer is liable to the plan for unfunded, vested pension benefits as determined by the Fund's trustee. The employer may contest the amount demanded by the trustee, but only through mandatory arbitration procedures. In the meantime, while arbitration is pending, the employer has no choice under the law but to keep to its schedule of installment payments. If the arbitrator ultimately sides with the employer that it owes no withdrawal liability, then whatever has been paid is refunded.

*Id.* at 871 (citations omitted).

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The following findings, which were included in the Draft Order, are not contested by the Defendants as to the particular defendants named in the Draft Order, and, accordingly, the Court so finds and concludes:

1. On September 28, 2001, plaintiffs John W. Wilhelm, et al. (hereinafter "HEREIU Pension Plan") filed a Complaint for collection of withdrawal liability, interest, and statutory damages under the Employee Retirement Income Security Act, as amended by the Multiemployer Pension Plan Amendments of 1980, 29 U.S.C. §§ 1001 1453, against defendants Mc Ann's W. 48th Street Rest. Corp., a New York Corporation, et al.

4

2. Pursuant to 29 U.S.C. §§ 1382(2) and 1399, plaintiffs properly notified and made a demand for payment of the withdrawal liability incurred by defendants Mc Ann's W. 48th Street Rest. Corp., a New York Corporation; 11 Stone Street Corp., a New York Corporation; 50 Trinity Place Rest. Corp., a New York Corporation; 160 Pearl Street Corp., a New York Corporation d/b/a Ruel's Restaurant; 163-65 West 48th Street Corp., a New York Corporation; 545 Fifth Rest. Corp., a New York Corporation; Brumax Rest. Corp., a New York Corporation; Caron Rest., Inc., a New York Corporation; Cedar 113 Street Café, Inc., a New York Corporation; Ecurb Rest., Inc., a New York Corporation; Felbru Café, Inc., a New York Corporation; Felshy's Rest., Inc., a New York Corporation; Felsquare, Inc., a New York Corporation; Raderman's Restaurant and Bar, Inc., a New York Corporation; Tacalin Rest., Inc., a New York Corporation d/b/a Tanya's Restaurant; Thames Restaurant, Inc., a New York Corporation; 50 E. 43 Rest. Inc.; B.F. Bar Inc., d/b/a Mc Ann's Penn Station; Booth Five Grand Central Corp., d/b/a Mc Ann's Shuttle Passageway; Brumoger Rest., Inc.; F and F Rest. Corp.; Mc Al Rest. Inc.; R Fel Restaurant Inc.; William Street 23 Rest. Corp.; Mc Ann's Bar & Restaurant, Inc., a New York Corporation; Mc Ann's Bar and Restaurant Corp., a New York Corporation; Felsh 94 Chambers Bar & Rest., Inc., a New York Corporation; Felshover Rest., Inc., a New York Corporation; Z1458 Gourmet, Ltd., a New York Corporation; and 1407 Broadway Rest. Inc., a New York Corporation (hereinafter collectively referred to as "Mc Ann's").

3. Defendants Mc Ann's are obligated to make withdrawal liability payments in accordance with the schedule set forth by plaintiffs HEREIU Pension Plan even if defendants have contested the withdrawal liability determination. 29 U.S.C. §§ 1399, 1401.

4. Defendants Mc Ann's are in default for the failure to make monthly interim withdrawal liability payments for the period of November 2000 through September 2002 and plaintiffs HEREIU

5

Pension Plan are entitled to immediate payment of the outstanding and accruing interim payments from the date that the first payment that was not timely made. 29 U.S.C. § 1399(c)(5)(A).

5. Pursuant to 29 U.S.C. § 1399, an award for interim withdrawal liability payments may properly be entered in favor of plaintiffs HEREIU Pension Plan and against defendants Mc Ann's, and defendants Mc Ann's are liable, jointly and severally, for the immediate payment of all past due monthly interim withdrawal liability payments for the period of November 2000 through September 2002 in the total principal amount of $189,727.00, plus accruing interest, liquidated damages, and attorney's fees and costs and for any additional monthly interim withdrawal liability payments that become due after September 2002 pending the resolution of this action.

## RECOMMENDATION

In this case, based on the representations of counsel, it is uncontested that the amounts of interim withdrawal liability payments sought by the Plaintiffs in the Draft Order are properly the due and owing from the defendants named in Defendants' counsel's letter. On the other hand, the liability of the individual defendants and other defendant entities is strenuously contested and the ultimate resolution of those issues may take some time. Accordingly, in order to expedite the collection by the Funds of amounts that are admittedly due, while preserving the objections of the other defendants, this Court respectfully recommends that the District Judge enter an order, providing as follows:

It is ordered that defendants Mc Ann's W. 48th Street Rest. Corp., a New York Corporation; 11 Stone Street Corp., a New York Corporation; 50 Trinity Place Rest. Corp., a New York Corporation; 160 Pearl Street Corp., a New York Corporation d/b/a Ruel's Restaurant; 163-65 West

48th Street Corp., a New York Corporation; 545 Fifth Rest. Corp., a New York Corporation; Brumax Rest. Corp., a New York Corporation; Caron Rest., Inc., a New York Corporation; Cedar 113 Street Café, Inc., a New York Corporation; Ecurb Rest., Inc., a New York Corporation; Felbru Café, Inc., a New York Corporation; Felshy's Rest., Inc., a New York Corporation; Felsquare, Inc., a New York Corporation; Raderman's Restaurant and Bar, Inc., a New York Corporation; Tacalin Rest., Inc., a New York Corporation d/b/a Tanya's Restaurant; Thames Restaurant, Inc., a New York Corporation; 50 E. 43 Rest. Inc.; B.F. Bar Inc., d/b/a Mc Ann's Penn Station; Booth Five Grand Central Corp., d/b/a Mc Ann's Shuttle Passageway; Brumoger Rest., Inc.; F and F Rest. Corp.; Mc Al Rest. Inc.; R Fel Restaurant Inc.; William Street 23 Rest. Corp.; Mc Ann's Bar & Restaurant, Inc., a New York Corporation; Mc Ann's Bar and Restaurant Corp., a New York Corporation; Felsh 94 Chambers Bar & Rest., Inc., a New York Corporation; Felshover Rest., Inc., a New York Corporation; Z1458 Gourmet, Ltd., a New York Corporation; and 1407 Broadway Rest. Inc., a New York Corporation, jointly and severally, pay monthly interim withdrawal liability payments to plaintiff John W. Wilhelm and Carl Madda, as Trustees of the Hotel Employees and Restaurant Employees International Union Pension Fund and plaintiff Hotel Employees and Restaurant Employees International Union Pension Plan as follows:

1. Past due monthly interim withdrawal liability payments for the period of November 2000 through September 2002 in the amount of $189,727.00;

2. Accrued interest on past due monthly interim withdrawal liability payments for the period of November 2000 through September 2002 in the amount of $12,471.41;

3. Liquidated damages on past due monthly interim withdrawal liability payments for the period of November 2000 through September 2002 in the amount of $37,945.40;

4. Reasonable attorney's fees and costs in the amount of $9,000.00;

5. Past due monthly interim withdrawal liability payments, interest, liquidated damages, and attorney's fees and costs in the total amount of $249,143.81 shall be paid on or before September 27, 2002; and

6. Monthly interim withdrawal liability payments in the amount of $8,447.73 accruing from October 2002 and thereafter shall be paid on a timely basis.

Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

**ENTER:**

Geraldine Soat Brown
**United States Magistrate Judge**

**Dated: October 8, 2002**

8

# SEYFARTH SHAW
ATTORNEYS

55 East Monroe Street
Suite 4200
Chicago, IL 60603-5803
312-346-8000
fax 312-269-8869
www.seyfarth.com

Writer's direct phone
(312) 269-8508

Writer's e-mail
jvandewalle@seyfarth.com

September 11, 2002

**VIA FACSIMILE**
**(312) 782-9707**

Mark A. Spadoro
Hanley & Spadoro
29 South LaSalle Street, Suite 425
Chicago, Illinois 60603

> Re: Wilhelm, et al. v. Mc Ann's W. 48th Street Rest. Corp., et al.
> Case No. 01 C 7518 (N.D. Ill.)

Dear Mr. Spadoro:

On behalf of all defendants in the captioned action, except, McAnn's Bar & Restaurant, Inc., we do not oppose the entry of an order requiring interim withdrawal liability payments from the following defendants:

11 Stone Street Corp.
1407 Broadway Rest. Inc.
160 Pearl Street Corp.
163-65 West 48th Street Corp.
50 E. 43 Rest. Inc.
50 Trinity Place Rest. Corp.
545 Fifth Rest. Corp.
B.F. Bar Inc.
Booth Five Grand Central Corp.
Brumax Rest. Corp.
Brumoger Rest., Inc.
Caron Rest., Inc.
Cedar 113 Street Café, Inc.
Ecurb Rest., Inc.
F and F Rest. Corp.

Felbru Café, Inc.
Felsh 94 Chambers Bar & Rest., Inc.
Felshover Rest., Inc.
Felshy's Rest., Inc.
Felsquare, Inc.
Mc Al Rest. Inc.
Mc Ann's Bar and Restaurant Corp.
Mc Ann's W. 48th Street Rest. Corp.
R Fel Restaurant Inc.
Raderman's Restaurant and Bar, Inc.
Tacalin Rest. Inc.
Thames Restaurant, Inc.
William Street 23 Rest. Corp.
Z1458 Gourmet, Ltd.

We concede that the March 19, 1999 notice and demand directed to Bruce Felshman c/o Ruel Restaurant Corp. served as sufficient statutory notice to all corporations in a controlled

BRUSSELS · WASHINGTON, D.C. · SAN FRANCISCO · SACRAMENTO · NEW YORK · LOS ANGELES · HOUSTON · CHICAGO · BOSTON · ATLANTA

Exhibit A

group with Ruel Restaurant Corp. which consisted of all corporate defendants 100% owned by Bruce Felshman. We concede that the March 19, 1999 notice and demand also served as sufficient statutory notice to all corporations identified in documents attached to the notice and demand and in which Bruce Felshman owned some share and corporations in a controlled group or groups with such corporations. We concede that the complaint and first amended complaint served as proper statutory notice and demand to defendants not previously notified of the withdrawal liability demand who were at any time employers within the meaning of the withdrawal liability provisions of ERISA (including by reason of their membership in a controlled group with a participating employer) and who were properly served with the complaint or for whom we properly waived service of either complaint.

We oppose the entry of an order requiring interim withdrawal liability payments from all other defendants that or whom we currently represent – 43 Park Place Restaurant, Inc., 131 East 45th Street Restaurant Corp., 1407 Restaurant, Inc., Bruce Felshman, and Robert Felshman – for reasons we will provide in our brief which was ordered by the court and which is due on September 25, 2002. We take no position regarding entry of an order against McAnn's Bar & Restaurant, Inc. which we do not represent.

           Sincerely,

           SEYFARTH SHAW


           John M. Vande Walle

JMV:clb
cc: Hon. Geraldine Soat Brown (via hand delivery)
   Anthony E. Napoli