# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7518 | **DATE** | ½/2003 |
| **CASE TITLE** | Wilhelm vs. Mc Ann's W 48th St | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Report and Recommendation to Hon. Marvin E. Aspen submitted herewith. For the reasons set out in the Report and Recommendation, this court respectfully recommends that Plaintiffs' Motion for an Order Requiring Past Due and Accruing Interim and Withdrawal Liability Payments be DENIED as to Bruce Felshman and Robert Felshman and as to 131 East 45th Street Restaurant Corp., 43 Park Place Restaurant, Inc., and 1407 Restaurant, Inc., without prejudice to a future motion by Plaintiffs for summary judgment.

Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

(11) ☒ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 03 2003 | |
| | Notified counsel by telephone. | | date docketed | 61 |
| | Docketing to mail notices. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Mail AO 450 form. | 03 JAN -2 PM 3:57 | 1/2/2003 | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| MW courtroom deputy's initials | | Date/time received in central Clerk's Office | MW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
JAN 0 3 2003

JOHN W. WILHELM, et al., )
    Plaintiffs, ) Cause No. 01 C 7518
)
v. )
) Judge Marvin E. Aspen
MC ANN'S W. 48TH STREET REST. ) Magistrate Judge Geraldine Soat Brown
CORP., A NEW YORK CORPORATION, )
et al., )
    Defendants. )
)

To:    The Honorable Marvin E. Aspen
       United States District Court Judge

## REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

The Hotel Employees and Restaurant Employees International Union Pension Fund (the "Fund") and the Trustees of that Fund (collectively the "Plaintiffs") filed this action against more than two dozen entities and two individuals to collect withdrawal liability payments allegedly due and unpaid under The Employee Retirement Income Security Act ("ERISA") as amended by the Multiemployer Pension Plan Amendments of 1980, 29 U.S.C. §§ 1001-1461.[1] Plaintiffs moved for an order requiring the defendants to make allegedly past due and accruing interim withdrawal

---

[1] Plaintiffs allege that some of the defendant entities who are called corporations are not registered corporations. (First Am. Compl. ¶¶ 40-41.)

1



liability payments to the Fund pursuant to ERISA, 29 U.S.C. § 1399, *et seq.* [Dkt # 24.][2] That motion was included in the referral to this court. [Dkt # 46.] Following a stipulation by Defendants' counsel that Defendants would not oppose the entry of such an order against twenty-nine of the entity defendants, a report and recommendation was submitted by this Court recommending that those entities be ordered to pay interim withdrawal liability payments. [Dkt # 53.] Defendants oppose the entry of such an order against three remaining entity defendants and the individual defendants Bruce Felshman and Robert Felshman. The parties filed additional submissions on that subject. (Defs.' Further Resp. Pls.' Mot. Order Requiring Interim Payments ("Defs.' Further Resp."); (Pls.' Sur Reply Supp. Mot. Entry Ordering Defs. Pay Past Due and Accruing Interim Withdrawal Liability Payments ("Pls.' Sur Reply").) [Dkt # # 47, 55.]

For the following reasons, this court respectfully recommends that the Plaintiffs' motion be DENIED with regard to the three remaining entity defendants and the two individual defendants without prejudice to Plaintiffs' seeking summary judgment on the contested issues relating to the liability of those parties.

## BACKGROUND

Plaintiffs claim that Defendants incurred withdrawal liability pursuant to ERISA upon withdrawal from a multiemployer pension plan and that Defendants are obligated to make interim withdrawal liability payments. (Pls.' Mot. for Entry of an Order Requiring Defs. to Pay Past Due

---

[2] The entity defendants and the individual defendants are collectively referred to as the "Defendants." They are represented by the same counsel with the exception of defendant Mc Ann's Bar & Restaurant, Inc., which is a different entity from McAnn's Bar & Restaurant Corp. Defendants' counsel does not represent Mc Ann's Bar & Restaurant, Inc.

2

and Accruing Interim Withdrawal Liability Payments.) [Dkt #24.] Under ERISA, when an employer withdraws from a multiemployer pension plan, the employer is liable to the pension fund for vested but unfunded benefits. 29 U.S.C. § 1381(a). The pension fund must determine the amount of the withdrawing employer's liability and notify the employer of the amount demanded. § 1382(1)-(2). If the employer wishes to challenge the withdrawal liability determination, it has ninety days from receipt of the notice to request a review of the pension fund's calculation. § 1399(b)(2)(A). If the employer receives no satisfaction from its request for review, it must initiate arbitration within the deadline set by ERISA. § 1401(a)(1). If the employer fails to initiate arbitration, the amount demanded by the fund is deemed to be due and owing. § 1401(b)(1). Even if the employer commences arbitration to contest its liability, it still must make payments in the interim according to the schedule prepared by the pension fund. § 1401(d). In this sense, ERISA establishes "a pay now, arbitrate later scheme" in order to maintain the solvency of the pension fund. *Central States v. Wintz*, 155 F.3d 868, 872 (7th Cir. 1998). Under this scheme, the employer is obligated to make interim withdrawal payments unless it shows that the pension fund lacks a colorable claim and that the interim payments would irreparably harm the employer. *Trustees of Chicago Truck Drivers v. Rentar Industries, Inc.*, 951 F.2d 152, 155 (7th Cir. 1991). ERISA treats trades or businesses that are under common control as a single employer and holds members of the commonly controlled group jointly and severally liable for withdrawal liability. § 1301(b)(1).

In this case, Plaintiffs' First Amended Complaint [dkt 19] names as defendants more than two dozen entities, which Plaintiffs call the "McAnn's Control Group" and which Plaintiffs allege entered into collective bargaining agreements covering restaurant, food and beverage service

3

employees. (First Am. Compl. ¶¶ 5-7.)³ The First Amended Complaint also names two individual defendants, Bruce Felshman and Robert Felshman, whom Plaintiffs allege executed various Master Collective Bargaining Agreements on behalf of the McAnn's Control Group. (First Am. Compl. ¶¶ 7-13.) The Amended Complaint further alleges that collective bargaining agreements bound the McAnn's Control Group to the Pension Fund Trust Agreements; that in 1999, the McAnn's Control Group ceased to be a participating employer under the Pension Plan and withdrew from the Pension Plan in a complete withdrawal as that term is defined in 29 U.S.C. §1383(a); and that, as a result, the McAnn's Control Group incurred withdrawal liability to the Funds in the amount of $2,923,985.29, plus interest, fees and penalties. (First Am. Compl. ¶¶ 14-15, 18, 36.) The First Amended Complaint seeks to impose personal liability on Bruce Felshman and Robert Felshman for that withdrawal liability under a variety of theories.

On March 19, 1999, Plaintiffs had a letter delivered to Bruce Felshman "re: McAnn's (Controlled group)" asserting withdrawal liability against "you (i.e., the Employer)," notifying him of Plaintiffs' assertion that withdrawal liability had been incurred by a number of businesses Plaintiffs considered under common control. (Pls.' Reply, Ex. 2.) [Dkt # 35.] The letter stated that "[a]ttached is a listing of all the facilities included in this determination, as these businesses and others under common control constitute a single employer for purposes of withdrawal liability, with each member of the controlled group being jointly and severally liable for these payments." (*Id.*) Defendants admit that they did not demand arbitration in response to Plaintiffs' notice and demand, originally arguing that the letter did not provide sufficient notice to the entity defendants in order to

---

³ Plaintiffs subsequently filed a Second Amended Complaint naming additional defendants. [Dkt # 60.] Those defendants are not the subject of the present motion.

trigger ERISA's deadline for initiating arbitration. (Defs.' Opp'n. at 5.) [Dkt # 34.] Defendants have since conceded that the letter along with the subsequently-filed Complaint and First Amended Complaint constitute sufficient statutory notice to defendants "who were at any time employers within the meaning of the withdrawal liability provisions of ERISA . . . and who were properly served with the complaint or for whom we properly waived service of either complaint [or amended complaint]." (Def.'s Letter to Mark A. Spadoro dated Sept. 11, 2002 at 2, Pls.' Sur Reply, Ex. 8.) Defendants' counsel further stated his opposition to the entry of an order requiring interim withdrawal liability payments by three entities, 43 Park Place Restaurant, Inc., 131 East 45th Street Restaurant Corp. 1407 Restaurant, Inc., and by Bruce Felshman and Robert Felshman. (*Id.*) They took no position with respect to McAnn's Bar & Restaurant, Inc., which Defendants' counsel stated it does not represent. (*Id.*)[4]

## ANALYSIS

### I. INDIVIDUAL DEFENDANTS

Plaintiffs assert that Bruce Felshman and Robert Felshman are subject to withdrawal liability under a number of theories. A threshold issue is whether those individuals can be ordered to make interim withdrawal liability payments before there is a resolution of the ultimate issue of their liability.

---

[4] Plaintiffs motion for entry of an order of default against McAnn's Bar & Restaurant, Inc. was granted on October 1, 2002. [Dkt # 49.]

A.  **Status as ERISA Employers**

Generally, a corporate officer who is not a party to a pension plan or a collective bargaining agreement entered into by the corporation is personally liable for contributions only to the extant that the officer is liable for general corporate debts under state corporate law. *Plumbers' Pension Fund, Local 130 v. Niedrich*, 891 F.2d 1297, 1301 (7th Cir. 1989). However, ERISA treats each owner of an unincorporated business as an employer and includes the owner as a member of the control group, resulting in the owner's personal liability for outstanding withdrawal liability. 29 U.S.C. § 1301(b)(1); *Central States v. Neiman*, 285 F.3d 587, 594, 596 (7th Cir. 2002);*Central States v. Slotky*, 956 F.2d 1369, 1374 (7th Cir. 1992). Likewise, if under the applicable state law, corporate officers are liable for corporate debts incurred after the dissolution of a corporation, the officers can be held personally liable under ERISA for the corporation's contributions to the benefit fund. *Boards of Trustees of Bricklayers Local 74 Fringe Benefit Funds v. Michael J. Vorkapic, Inc.*, No. 01 C 1617, 2002 WL 596357 at *2 (N.D. Ill. April 17, 2002)(Grady, J.) (discussing Illinois law). In this case, Plaintiffs claim that Bruce Felshman and Robert Felshman conducted the business of some of the entity defendants after those defendants were dissolved as corporations, and thus, that Bruce Felshman and Robert Felshman are individually liable as "employers." Bruce Felshman and Robert Felshman deny that claim.

Plaintiffs argue that the individual defendants are obligated to make interim withdrawal liability payments while their status as employers is determined, subject to the exception set forth in *Rentar*. (Pl.'s Sur Reply at 2.) [Dkt # 55.] However, in the *Rentar* case, as in the other cases cited by Plaintiffs (*Central States v. Hunt Truck Lines*, 272 F.3d 1000, 1003 (7th Cir. 2001) and Trustees of *Chicago Truck Drivers v. Central Transport Inc.*, 935 F.2d 114, 115 (7th Cir. 1991)), an arbitration

had been initiated to determine issues of liability, and the issue before the court was the propriety of *interim* withdrawal liability payments for the *interim* "until the arbitrator issues a final decision with respect to the determination submitted for arbitration." 29 U.S.C. §1401(d). Thus, these cases do not answer the question in this case, which is: Where as here, the opportunity for arbitration has been waived, can the court impose interim withdrawal liability payments on a party that disputes its liability? Generally, a defendant's status as an employer is an issue that must be resolved prior to determining withdrawal liability, and is to be resolved by the court, at least when no arbitration has been commenced. *Slotky*, 956 F.2d at 1372-73 (stating that "[t]he requirement [that all disputes between the employer and the pension plan be resolved by arbitration] presupposes a determination that the dispute is with an 'employer'"). The alleged employer's failure to initiate arbitration does not preclude the defendant from raising the issue of his status as an employer to the court. *Central States v. Personnel Inc.*, 974 F.2d 789, 792 n.1 (7th Cir. 1992). *Accord, Central States v. Progressive Driver Services, Inc.*, 940 F. Supp. 1311, 1314 (N.D. Ill. 1996).

Defendants argue that the determinations necessary to impose ERISA liability, even interim liability, must be made pursuant to judgment, either summary judgment or bench trial. (Defs.' Further Resp. at 6.) In this case, no motion for summary judgment has been filed as to any aspect of the case. Discovery is proceeding and is set to close in April, 2003. [Dkt # 59.] Plaintiffs argue that summary judgment proceedings are not necessary; that the record before the court "clearly shows" that Bruce Felshman and Robert Felshman are "employers." (Pls.' Sur Reply at 3.) However, Plaintiffs have not cited a case in which the court that was ultimately to determine liability because arbitration was waived, ordered interim withdrawal payments prior to its own resolution (on summary judgment or bench trial) of a dispute regarding whether a defendant was liable either as

7

an employer or under other theories of liability. Indeed, even when arbitration is anticipated, the obligation of a former shareholder for interim withdrawal liability payments has been determined by the procedures and standards applicable to summary judgment. *Central States v. Minneapolis Van & Warehouse Co.*, 764 F. Supp. 1289, 1298 (N.D. Ill. 1991)(Shadur, J.).

Plaintiffs argue that a formal summary judgment motion complying with the requirements of Local Rule 56.1 is not necessary because that Plaintiffs have met whatever standard is appropriate. (Pls.' Sur Reply at 3.) Again, however, Plaintiffs do not point to any precedent in which a standard other than summary judgment has been applied in circumstances comparable to the present situation. They do not discuss in what way their assertion that the record "clearly shows" the individuals' liability differs from arguing that summary judgment is appropriate.

A court may enter summary judgment *sua sponte* if the parties were on notice of the need to come forward with evidence and had an opportunity to do so. *Dayton Electric Manufacturing Co., v. Apcom Inc.*, 782 F. Supp. 389, 395 (N.D. Ill. 1992). However, granting summary judgment *sua sponte* warrants special caution and is improper unless the responding party was given adequate notice and a fair opportunity to present evidence in opposition to it. *Simpson v. Merchant's Recovery Bureau*, 171 F.3d 546, 549 (7th Cir. 1999). The present record does not justify summary judgment on behalf of Plaintiffs on the issue of the individual liability of Bruce Felshman and Robert Felshman.

Plaintiffs have identified ten corporations that they assert were dissolved prior to that corporation's withdrawal from the Fund. (Pls.' Sur Reply, Ex. 7.)[5] Plaintiffs conclude that the

---

[5] The entities are: 11 Stone Street Corp.; 50 Trinity Place Rest. Corp.; 163-65 West 48th Street Corp.; 545 Fifth Rest. Corp.; Cedar 113 Street Café, Inc.; Thames Restaurant, Inc.; 50 E. 43 Rest. Inc.; B. F. Bar Inc.; Booth Five Grand Central Corp.; and Williams Street 23 Rest. Corp. (Pls.'

8

businesses conducted by these corporations continued to operate for the duration of their participation in the Fund despite dissolution of the corporate entity. Under New York law (the state of incorporation of the corporations), individuals who conduct business on behalf of a dissolved corporation may be personally liable for the obligations that arise from that business. *Brandes Meat Corp. v. Cromer*, 146 A.D.2d 666 (N.Y. App. Div.1989). In the *Brandes Meat* case, the plaintiff provided meat to the defendant pursuant to a contract. After the defendant failed to pay, the plaintiff sued. The defendant defended on the ground that he had entered into the contact as an agent for a corporation. The corporation, however, had been previously dissolved years earlier. The court recited the rule that, after dissolution, a corporation may conduct business only to the extent necessary to wind up its affairs. *Id.* at 666. The individual defendant was thus held personally liable for the contract as he had "purported to act on behalf of a corporation which had neither a *de jure* nor a *de facto* existence." *Id.* at 667.

In support of their motion, Plaintiffs submit the interrogatory answers in which Bruce Felshman and Robert Felshman admit that one or both of them were shareholders in the subject corporations. (Pls.' Reply, Ex. 1, Defs.' Resp. to Pls.' Interrog. No. 3.) In a summary exhibit, Plaintiffs set out the dissolution date of each of the corporations and the date that each allegedly withdrew from participation in the Funds. (Pls.' Sur Reply, Ex. 7.) However, this information is not verified or supported by an affidavit, and there is no factual basis given for the assertion of the date that the corporation withdrew from the Funds. Plaintiffs state that their summary "is supported by the attached documentation which was submitted by defendants Bruce and Robert Felshman during discovery." (Pls.' Sur Reply at 6.) The documentation consists of exhibits appearing to be

---

Sur Reply, Ex. 7.)

9

printouts from the New York State Department of State website showing that <u>as of the date of the search</u>, those entities had an "inactive" status (but not showing the date of dissolution), and LEXIS printouts showing the date of dissolution of each corporation. (*Id.*, Ex. 7.) However, the LEXIS printouts expressly state, "[t]his data is not an official record of the Department of State or the State of New York." (*Id.*) *Cf. Brandes Meat Corp.*, 146 A.D.2d at 667 (plaintiff submitted certificate issued by Secretary of State to show date of dissolution). Even assuming that the documents were produced by the defendants in discovery, the defendants are not by that fact alone deemed to have admitted the truth of the information contained therein. *Cf.* Fed. R. Evid. 801(d)(2). Plaintiffs further state that the date of withdrawal was supplied to Defendants in the letter of March 19, 1999, and that "to date" Bruce Felshman and Robert Felshman "have not controverted" the date. (Pls.' Sur Reply at 6.) However, Plaintiffs do not demonstrate that the date has ever been set forth in a manner that would turn "not controverting" the date into an admission, for example, by way of a request to admit.

Bruce Felshman and Robert Felshman admit that the corporations identified in footnote five, *supra*, are now dissolved. (Answer to First Am. Compl. ¶ 51.) However, they dispute Plaintiffs' allegation that they carried on the corporations' businesses after the corporations were dissolved. They submitted their own declarations stating that they never owned an unincorporated business and that "each of the corporations . . . was a New York corporation in good standing throughout its active life." (Defs.' Further Resp., Decl. Bruce Felshman ¶¶ 12-13; Decl. Robert Felshman ¶¶ 6-7.) They also submit copies of the collective bargaining agreements reflecting that those agreements were entered into between the union and the corporate entities. (Defs.' Further Resp., Tab 3, Exs. 1-11.)

As Plaintiffs observe, in some cases those agreements bear dates after the date Plaintiffs assert the corporation was dissolved. For example, Bruce Felshman signed a 1993 Memorandum of Agreement on behalf of 545 Fifth Rest. Corp., Cedar 113 Street Café, Inc. and Thames Restaurant, Inc. (Defs.' Further Resp., Tab 3, Ex. 10.) Plaintiffs assert that all of those corporations were dissolved on December 24, 1991. (Pls.' Sur Reply, Ex. 7.) However, it is not clear from the limited material provided by the parties that the Memorandum of Agreement reflects the continuing conduct of business on behalf of any of those entities. The Memorandum of Agreement appears to be an amendment to a previous agreement entered into in May 1990, a time when those corporations were presumably in good standing. Plaintiffs have not discussed whether the corporations undertook further obligations in the Memorandum of Agreement, or simply modified retroactively obligations they had previously undertaken, which might or might not constitute winding up the affairs of the corporation, rather than continuing to conduct business.

It is well-established that a motion for summary judgment must be supported or opposed by "evidence of evidentiary quality – either admissible documents or attested testimony such as that found in depositions or in affidavits . . . ." *Winskunas v. Birnbaum*, 23 F.3d 1264, 1267 (7th Cir. 1994). Plaintiffs here have not submitted any material of evidentiary quality to demonstrate that the business of the corporations was carried on after dissolution and before withdrawal of the corporations from participation in the Funds.

Likewise, Plaintiffs argue that Robert Felshman executed collective bargaining agreements for an entity called "McAnn's Bar and Restaurant, Inc." at a time when "McAnn's Bar and Restaurant, Inc." was not incorporated. (Pls. Sur Reply at 8.) Robert Felshman responds that the actual party to the agreement was "McAnn's Bar and Restaurant Corp." which was incorporated

11

during the relevant period and made contributions to the Funds. (Decl. Robert Felshman, ¶¶ 12-14.) He states that identifying the signatory in the agreement as "McAnn's Bar and Rest., Inc." was a misnomer. (*Id.*, ¶ 13.) He further states that he has never owned any portion of "McAnn's Bar and Restaurant, Inc." (*Id.*, ¶ 14.) Plaintiffs do not deny that "McAnn's Bar and Restaurant Corp." made the payments to the Funds (which the Funds presumably accepted) pursuant to the agreement that had been signed in the name "McAnn's Bar and Rest., Inc." They argue only that this apparently mutual scrivener's error in the agreement does not release Robert Felshman of personal liability. (Pls.' Sur Reply at 8.) However, as the movants, Plaintiffs have the burden of demonstrating that there is no genuine issue of material fact, and that Plaintiffs are entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). Plaintiffs have not cited authority demonstrating that the Funds may hold Robert Felshman personally liable under these circumstances.

In short, the current record does not establish that there are no genuine issues of fact or that Plaintiffs are entitled to judgment as a matter of law as to the individual liability of Bruce Felshman and Robert Felshman. On the other hand, Defendants have not established that Plaintiffs would not be able to establish individual liability. Thus, the denial of Plaintiffs' current motion should be without prejudice to their filing a motion for summary judgment on this issue.

### B. Plaintiffs' Other Theories of Individual Liability

Plaintiffs' alternative theories have even less evidentiary support in the record. Plaintiffs claim that Bruce Felshman and Robert Felshman are also personally under the following theories: evade and avoid liability under 29 U.S.C. §§ 1381, 1392 and 1451 (Count IV); "alter ego"(Count V); "piercing the corporate veil"(Count VI); "fraudulent conveyance/constructive trust"(Count VII); and "single employer/ alter ego liability" (Count VIII).

12

Plaintiffs allege that Bruce Felshman and Robert Felshman consummated transactions that led to the insolvency of nearly all of the business defendants. (Pls.' Reply at 11.) Plaintiffs have presented no evidence, however showing that the individual defendants performed any such transactions or that they performed them in order to perpetrate a fraud. (*See* Pls.' Reply at 11-12; Pls.' Sur Reply at 15-16.) Plaintiffs also allege that the individual defendants distributed assets for their own interests, failed to maintain corporate formalities, failed to operate at arms length, failed to adequately capitalize corporations and fractionalized operations, (First Am. Compl. ¶ 68), but they fail to provide evidentiary material to support those claims. Bruce Felshman and Robert Felshman deny the allegations of those counts of the Amended Complaint. (Answer First Am. Compl. ¶¶ 56-100) In their declarations, Bruce Felshman and Robert Felshman deny that they received assets of dissolved corporations without consideration, deny that there was any disregard of corporate formalities, and deny that any of corporation was rendered insolvent through distribution of its assets without consideration. (Decl. Bruce Felshman, ¶¶ 14-16; Decl. Robert Felshman, ¶¶ 8-11.) Plaintiffs argue that the individual defendants have not submitted any evidence supporting their assertion (Pls.' Sur Reply at 15-16), but it is Plaintiffs' responsibility to satisfy the requirements for imposing personal liability by providing coming forward with evidence to support their theories of liability under the applicable state law. *See, e.g., Minneapolis Van & Warehouse Co.*, 764 F. Supp at 1295, applying "the universally recognized doctrine that stockholders cannot receive the unencumbered benefit of corporate assets until all creditors have been paid or provided for" to impose a constructive trust over proceeds from a transfer of specific corporate real estate to a shareholder.

The *Minneapolis Van* case illustrates a further problem with Plaintiffs' claims against Bruce Felshman and Robert Felshman for constructive trust and for "evade and avoid" liability. Title 29, § 1392(c) states that "[i]f a principal purpose of any transaction is to evade or avoid liability . . . liability shall be determined and collected . . . without regard to such transaction." In other words, if Plaintiffs are able to prove that the individual defendants completed transactions with the purpose of evading or avoiding withdrawal liability, those transactions will be disregarded and liability will be collected as though those transactions never took place. Plaintiffs' recovery, however, is limited to the value of assets that were allegedly improperly transferred. *Board of Trustees, Sheet Metal Workers Nat'l. Pension Fund v. Illinois Range, Inc.*, 186 F.R.D. 498, 502 (N.D. Ill. 1999) (Denlow, M.J.) (evade and avoid liability); *Reagan v. Baird*, 487 N.E. 2d 1028 (Ill. App. 1986) (fraudulent conveyance). Count IV of Plaintiff's First Amended Complaint alleges that Bruce Felshman and Robert Felshman "consummat[ed] transactions . . . to evade and avoid withdrawal liability, including without limitation, transactions related to the dissolution" of the defendant corporations. (First Am. Compl. ¶ 58.) However, Plaintiffs fail to come forward with proof of specific transactions that were undertaken for the purpose of evading or avoiding ERISA liability, or the value of the assets so transferred. Notwithstanding that deficiency, Plaintiffs request that the court order interim liability payments for the full amount of the assessed liability based on Plaintiffs' evade and avoid theory. (First Am. Compl. ¶ 65.) Again, the evidence presented by Plaintiffs is insufficient to require Bruce Felshman and Robert Felshman to make interim withdrawal liability payments.

In summary, in the absence of authority to support imposing individual personal liability for withdrawal liability arising out of agreements entered into by corporations prior to a judgment finding such personal liability, this Court respectfully recommends that Plaintiffs' motion for an

order requiring Bruce Felshman and Robert Felshman to make interim withdrawal liability payments be denied, without prejudice to a future motion by Plaintiffs for summary judgment.

## II. THE DISPUTED CORPORATE DEFENDANTS: 43 Park Place Restaurant, Inc.; 131 East 45th Street Restaurant Corp. and 1407 Restaurant, Inc.

Plaintiffs seek an order compelling interim withdrawal liability payments from three additional entity defendants named in the First Amended Complaint: 43 Park Place Restaurant, Inc.; 131 East 45th Street Restaurant Corp.; and 1407 Restaurant, Inc. (hereinafter referred to as the "Disputed Corporate Defendants"). Plaintiffs assert that these Disputed Corporate Defendants are subject to withdrawal liability as trades or businesses that are part of a single employer or control group. 29 U.S.C. § 1301(b)(1). Defendants deny that there has been proper service upon the Disputed Corporate Defendants, and Bruce Felshman and Robert Felshman state that they have never owned an interest in any of them. (Defs.' Further Resp. at 12-13; Decl. Bruce Felshman, ¶ 23; Decl. Robert Felshman, ¶ 15.)

The Disputed Corporate Defendants were not listed in the March 19, 1999 letter to Bruce Felshman. (Pls.' Reply, Ex. 2.) However, they were named as defendants in the Complaint and 43 Park Place Restaurant, Inc. and 131 East 45th Street Restaurant Corp. are named as defendants in the First Amended Complaint. Apparently, Defendants' counsel waived service upon the Disputed Corporate Defendants and filed an appearance on behalf of those defendants. [Dkt # 10.] Now Defendants' counsel asserts that its waiver was improper and unauthorized, and therefore, the service of the Complaint failed to constitute notice upon the Disputed Corporate Defendants. (Defs.' Further Resp. at 13.)

15

Regarding 131 East 45th Street Restaurant Corp., Bruce Felshman states in his declaration that upon receiving the Complaint he mistakenly believed he may have owned that corporation because 131 East 45th St. was the address of the restaurant and bar operated by Ecurb Rest., Inc., a corporation that he previously owned. (Decl. Bruce Felshman, ¶ 25.)[6] Bruce Felshman states that he does not know who owns 131 East 45th Street Restaurant Corp., and that he was not authorized to accept or waive service on its behalf. (*Id.*) Robert Felshman states substantially the same in his declaration. (Decl. Robert Felshman ¶ 17.)

Regarding defendant 43 Park Place Restaurant, Inc., Bruce Felshman and Robert Felshman state that that corporation was owned by Bruce Felshman's sister and her husband (Robert Felshman's aunt and uncle) who are now deceased. (Decl. Bruce Felshman, ¶ 24; Decl. Robert Felshman, ¶ 16.) They both state that they did not receive any interest in the corporation. (*Id.*) As in the case of 131 East 45th Street Restaurant Corp., this defendant's name resembles the address of Mo Go Rest. Inc., a corporation on whose behalf Bruce Felshman signed several agreements. (*See, e.g.*, Defs.' Further Resp., Tab 3, Exs. 6, 7.) In the Amended Complaint, Plaintiffs identify the defendant as "43 Park Place Restaurant, Inc., a New York Corporation, d/b/a Mo Go Restaurant." (First Am. Compl. ¶ 5.) Several of the agreements list a corporation named "Mo Go Rest. Inc., d/b/a McAnn's" at the address 43 Park Place. (Defs.' Further Resp., Tab 3, Exs. 6, 7.) Mo Go Rest., Inc. is not named as a defendant in either the Complaint or the Amended Complaint, although it is listed in the March 19, 1999 letter to Bruce Felshman. (Pls.' Reply, Ex. 2.)

---

[6] Ecurb Rest., Inc is one of the entity defendants as to which Defendants did not object to entry of an order requiring interim withdrawal liability payments.

Regarding 1407 Restaurant, Inc., Defendants state that "1407 Broadway Restaurant, Inc." was 100% owned by Robert Felshman. (Pls.' Reply, Ex. 1, Defs.' Resp. to Pls.' Interrog. No. 3.)[7] Both Bruce Felshman and Robert Felshman deny that they have any ownership of 1407 Restaurant, Inc. or any knowledge of who owns it, and state that they were not authorized to waive or accept service on behalf of 1407 Restaurant, Inc. (Decl. Bruce Felshman, ¶¶ 23, 26; Decl. Robert Felshman, ¶¶ 15, 18.)

Plaintiffs' Sur Reply does not bring forward any evidence contrary to the declarations of Bruce Felshman and Robert Felshman. (Pls.' Sur Reply at 17.) On this state of the record, there is no evidence to support Plaintiffs' contention that the Disputed Corporate Defendants are part of the "McAnn's Control Group."

## CONCLUSION

For the forgoing reasons, this court respectfully recommends that Plaintiffs' Motion for an Order Requiring Past Due and Accruing Interim and Withdrawal Liability Payments be DENIED as to Bruce Felshman and Robert Felshman and as to 131 East 45th Street Restaurant Corp., 43 Park Place Restaurant, Inc., and 1407 Restaurant, Inc., without prejudice to a future motion by Plaintiffs for summary judgment.

Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to

---

[7] 1407 Broadway Restaurant, Inc. is one of the entity defendants as to which Defendants did not object to entry of an order requiring interim withdrawal liability payments.

appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*[signature]*
**GERALDINE SOAT BROWN**
**United States Magistrate Judge**

**Dated: January 2, 2003**