# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7518 | **DATE** | 10/13/2004 |
| **CASE TITLE** | Wilhelm, et al vs. McAnn's W. 48th Street, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiffs' motion to strike (154-1) is granted in part and denied in part. Plaintiffs' motion (145-1) for summary judgment is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 155 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10 13 2004 | |
| | | | date mailed notice | |
| GL | courtroom deputy's initials | | GL | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN W. WILHELM, *et al.*,

    Plaintiff,

v.

MCANN'S W. 48TH STREET
RESTAURANT CORP., A NEW YORK
CORPORATION, *et al.*,

    Defendant.

No. 01 C 7518

DOCKETED
OCT 1 4 2004

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

  The Hotel Employees and Restaurant Employees International Union Pension Plan (the "Fund") and the trustees of the Fund (collectively the "Plaintiffs") filed this action for collection of withdrawal liability payments allegedly due under the Employee Retirement Income Security Act ("ERISA") as amended by the Multiemployer Pension Plan Amendment Act of 1980, 29 U.S.C. §§1001-1453. While Plaintiffs brought this action against over two dozen corporate entities and several individuals, Joseph Spadafina ("Defendant") is now the only remaining defendant.[1] Presently before us is Plaintiffs' Motion for Summary Judgment. Plaintiffs have also moved to strike portions of Defendant's response to its Local Rule 56.1(a) Statement of Facts. For the reasons stated below, Plaintiffs' Motion to Strike is granted in part and denied in part. Plaintiffs' Motion for Summary Judgment is denied.

---

[1] The claims against all other defendants were either dismissed pursuant to settlement agreements, or an Order of Default Judgment was issued.



I. PLAINTIFFS' OBJECTIONS AND MOTION TO STRIKE

Before reaching the merits of Plaintiffs' Motion for Summary Judgment, we first address their objections and Motion to Strike. On a motion for summary judgment in this District, the moving party must submit a statement of material facts. L.R. 56.1(a)(3). Each fact in this statement must be supported by "specific references to the affidavits, parts of the record, and other supporting materials . . . ." L.R. 56.1(a)(3). The non-moving party then must file a response as well as a statement of any additional facts. L.R. 56.1(b)(3). In its response, the non-moving party must either admit or deny each fact presented by the movant. *See Brasic v. Heinemann's, Inc.*, 121 F.3d 281, 284 (7th Cir. 1997). Any other response may be deemed an admission. *See id.* Thus, a response asserting that the party lacks information sufficient to form a belief is treated as an admission. *See Williams v. Elyea*, 163 F. Supp.2d 992, 994 (N.D. Ill. 2001). In addition, denials or additional facts presented in the non-moving party's response must likewise be supported by specific references to the record or affidavits. L.R. 56.1(b)(3). The Seventh Circuit has repeatedly upheld a district court's strict enforcement of Local Rule 56.1. *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000).

At the outset, we observe that Defendant did not respond to Plaintiffs' Statement of Facts, paragraphs 1-7, 9-13, and 18-22. Therefore, the facts in these paragraphs are deemed admitted. *See Brasic*, 121 F.3d at 284. Plaintiffs next object to Defendant's response to paragraph 8 on the grounds that Defendant's denial of paragraph 8 is based on an inaccurate and irrelevant citation to Plaintiffs' Statement of Facts. However, Defendant's denial is supported by an accurate citation to a separate exhibit.[2] Paragraph 8 of Plaintiffs' Statement of Facts is therefore deemed denied.

---

[2] In denying paragraph 8, Defendant cites paragraphs 6 and 10 of Exhibit D in Plaintiffs' Exhibits in Support of Their Motion for Summary Judgment. This Exhibit is the Defendant's Response to Plaintiffs' Request for Admission of Facts.

Plaintiffs also object to and move to strike Defendant's response to paragraphs 14-17 and 23-41 of Plaintiffs' Statement of Facts. Paragraphs 14-17 and 23-41 of Plaintiffs' Statement are supported by citations to Exhibit E. This Exhibit is a previous stipulation between Plaintiff and certain stipulating defendants, none of whom are still involved in this action.[3] Defendant's response to these paragraphs states two objections: (1) Exhibit E was not attested to by a witness; and (2) Exhibit E was not adopted by the Defendant. Defendant's arguments both miss the mark. Defendant's first objection is simply irrelevant as it deals with the sufficiency of an affidavit under Federal Rule of Civil Procedure 56(e). Exhibit E is a stipulation, not an affidavit; therefore, Exhibit E need not be attested to by a witness. The thrust of Defendant's second objection is that since he was not a party to this stipulation, Plaintiffs cannot use Exhibit E to support his statement of facts. However, Defendant need not have adopted Exhibit E, through stipulation or otherwise, in order for Plaintiffs to cite it in support of their Statement of Facts. Defendant, of course, is not bound by the stipulation, but is free to deny the facts in Plaintiffs' Statement that are supported by Exhibit E. Defendant's objections to Plaintiffs' reliance on Exhibit E are therefore dismissed.

Plaintiffs next contend that Defendant's response to paragraphs 14-17 and 23-41 fails to cite specific portions of the record or affidavits as required by Local Rule 56.1(b)(3)(A). We agree. Moroever, Defendant did not admit or deny the statement of facts contained in these paragraphs but only denied having knowledge or information sufficient to form a belief as to their truth. As stated earlier, such responses are deemed admissions under Local Rule 56.1. *See Williams*, 163 F. Supp. 2d at 994. Therefore, for the purpose of this summary judgment motion, the Defendant has admitted the facts in paragraphs 14-17 and 23-41 of Plaintiffs' Statement of Facts.

---

[3]Thus, Spadafina, the current Defendant, was not a party to this stipulation.

In their response to Defendant's Statement of Additional Facts, Plaintiffs object to paragraphs 42-44 and 46-52 of Defendant's Statement on the grounds that the facts contained in these paragraphs are irrelevant and immaterial. A statement of additional facts under 56.1(b)(3)(B) should be limited to material facts. *See Malec v. Sanford*, 191 F.R.D. 581, 583 (N.D. Ill. 2000). Paragraphs 42-44 and 46-52 of Defendant's Statement all relate generally to Defendant's level of involvement in 11 Stone Street Corp. ("Stone Street"), one of the corporate defendants no longer in this action. For reasons we discuss in the Part II(C) below, we find that the facts in these paragraphs are material to the action. Therefore, Plaintiffs' Motion to Strike paragraphs 42-44 and 46-52 of Defendant's Statement is denied. Furthermore, Plaintiffs did not admit or deny paragraphs 42-44 and 46-52 of Defendant's Statement, but rather asserted a lack of knowledge sufficient to admit or deny. Paragraphs 42-44 and 46-52 are, therefore, deemed admitted. *See Williams*, 163 F. Supp. 2d at 994.

Finally, Plaintiffs move to strike paragraph 45 of Defendant's Statement because it is inconsistent with other evidence in the record.[4] Paragraph 45 asserts that the Defendant was never an officer or director of Stone Street and is supported by citation to Exhibit O, an affidavit sworn to by the Defendant. Plaintiffs argue that this paragraph should be stricken because it is inconsistent with the evidence they present in Exhibit E. Plaintiffs argument misplaced. The fact that the non-movant presents evidence that conflicts with that provided by the movant does not mean that a court must disregard or strike the non-movant's evidence in deciding a motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (noting that judges should not weigh the evidence or make credibility determinations in deciding a motion for summary judgment). If this were the case, summary judgment would always be granted so long as the movant could establish its prima

---

[4]For clarity's sake, we note that Plaintiffs did not include this objection in their actual Motion to Strike, but, rather, in their response to paragraph 45 of Defendant's Statement of Additional Facts.

4

facie case or defense by citations to the record. This, of course, is not the law. Therefore, Plaintiffs' Motion to Strike paragraph 45 of Defendant's Statement is denied.

II. PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

A. *Background*[5]

Plaintiffs are the Trustees of the Hotel Employees and Restaurant Employees International Union Pension Fund (the "Fund"). (Pls.' Statement of Material Facts ¶ 6.) Stone Street Corp. ("Stone Street") was a New York corporation engaged in the restaurant business. (Pls.' Statement of Material Facts ¶¶ 10-11.) Defendant was a shareholder in Stone Street. (Pls.' Statement of Material Facts ¶ 12.) Every three years beginning in 1981 and ending in 1990, Stone Street entered into a collective bargaining agreement ("CBA") with various local units of the Hotel Employees and Restaurant Employees International Union. (Pls.' Statement of Material Facts ¶¶ 14-17.) Under these agreements, Stone Street was to pay monthly pension contributions to the Fund on behalf of employees covered under the CBA.

On December 24, 1991, Stone Street was dissolved by the state of New York for failure to pay franchise taxes. (Pls.' Statement of Material Facts ¶¶ 18-19.) Despite its dissolution, Stone Street continued its restaurant operations. (Pls.' Statement of Material Facts ¶ 23.) In addition, Stone Street continued to submit monthly contributions to the Fund through April 1992. (Pls.' Statement of Material Facts ¶¶ 25-26.) After Stone Street failed to make its contribution payments for several months, however, Plaintiffs terminated Stone Street from the Pension Plan in December 1992. (Pls.' Statement of Material Facts ¶ 26.)

Stone Street was part of a larger network of restaurants in New York City. (Pls.' Statement of Material Facts ¶ 29.) Collectively, these restaurants were called the McAnn's Control Group ("Control Group"). (Pls.' Statement of Material Facts ¶ 29; Pls.' Ex. E ¶ 451.) The Control Group was also a

---

[5]The following facts are taken from the parties' Local Rule 56.1 Statements of Facts.

5

participating employer under the Pension Plan. (Pls.' Statement of Material Facts ¶ 29.) The Control Group, however, made a complete withdrawal from the Pension Plan, as defined in ERISA, on April 5, 1999. 29 U.S.C. §1383(a); (Pls.' Statement of Material Facts ¶ 31.) As a result of this withdrawal, the Control Group incurred approximately $3 million in withdrawal liability to the Pension Plan.[6] (Pls.' Statement of Material Facts ¶ 32.) Other shareholders of Stone Street have admitted that members of the Control Group, including Stone Street, are jointly and severally liable for the Control Group's withdrawal liability. (Pls.' Statement of Material Facts ¶ 33.) Defendant does not deny this.[7]

Defendant was a minority shareholder of Stone Street. In 1972, he invested $6,000 in Stone Street (Pls.' Statement of Material Facts ¶ 12)[8] and received 25 percent of its shares (Defendant's Counterstatement ¶ 43). While the parties dispute whether Defendant was actually an officer or director of Stone Street, the record shows that Defendant was not engaged in the management of Stone Street and conducted no business on behalf of Stone Street. (Def.'s Counterstatement ¶¶ 44, 46.) Ultimately, Defendant lost his entire $6,000 investment in Stone Street. (Def.'s Counterstatement ¶ 49.)

---

[6]The Control Group has not made any payments toward its withdrawal liability since May 1999. (Pls.' Statement of Material Facts ¶ 36) As of August 2001, the Control Group was in default. (Pls.' Statement of Material Facts ¶ 38)

[7]Defendant's response to this assertion is two-fold. First, he objects that the exhibit used to support this fact, Exhibit E, was not adopted by him and, thus, cannot properly be considered in this motion. We have already rejected this argument. Second, he denies "knowledge or information sufficient to form a belief concerning the truth of these statements." As stated earlier, this constitutes an admission under Local Rule 56.1. *See Williams*, 163 F. Supp.2d at 994.

[8]Plaintiffs' Statement of Material Facts alleges that Defendant invested $6,000 in Stone Street. (Pls.' Statement of Material Facts ¶ 12.) Defendant did not respond to this paragraph, so it is deemed admitted. *See Brasic*, 121 F.3d at 284. Defendant, however, in his own statement alleges that he invested $10,000. (Def.'s Counterstatement ¶ 42.) Since Defendant already admitted that he invested $6,000 by failing to deny Plaintiff's earlier statement, we disregard Defendant's assertion that he invested $10,000.

B.  *Standard of Review*

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of identifying portions of the record which demonstrate the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citations omitted). If the moving party satisfies this burden of production, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In considering a motion for summary judgment, we accept the non-movant's evidence as true and draw all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

C.  *Analysis*

Plaintiffs present a three-step argument in support of their Motion for Summary Judgment. First, the McAnn's Control Group has incurred undisputed withdrawal liability of approximately $3 million. Second, the record unequivocally shows that members of the Control Group, including Stone Street, are jointly and severally liable for the Control Group's withdrawal liability. Therefore, there is no dispute that Stone Street is liable for the entire amount of the Control Group's $3 million liability. Third, under New York law[9] Stone Street's shareholders are each personally liable for Stone Street's post-dissolution debts, including its withdrawal liability incurred through the Control Group. Therefore, Spadafina is liable for the entire amount of the withdrawal liability. Because we disagree with Plaintiffs' application of New York law regarding shareholder liability to the facts of this case, Plaintiffs' Motion for Summary Judgment is denied.

---

[9]ERISA does not specifically address shareholder liability. Thus, this issue is governed by New York law since Stone Street was a New York corporation. *See Plumbers' Pension Fund, Local 130 v. Niedrich*, 891 F.2d 1297, 1300-01 (7th Cir. 1989).

The central issue for purposes of this motion is whether, under New York law, all of a corporation's shareholders are liable for the post-dissolution debts of that corporation. Plaintiffs argue that all shareholders are liable for such debts and, in support, cite *WorldCom, Inc. v. Sandoval*, 701 N.Y.S.2d 834 (N.Y. Sup. Ct. 1999). In *WorldCom*, the defendants were the sole owners, officers, and directors of a corporation that had been dissolved in 1993. *Id.* at 835. In 1996, this corporation, despite its dissolution three years earlier, entered into a contract with the plaintiff. *Id.* This contract was subsequently breached, and WorldCom filed suit against the defendants, claiming that they were personally liable for the contract entered into after the corporation's dissolution. *Id.* at 836. The court agreed with WorldCom, and stated the following: "Under New York law, the individual shareholders and officers of a corporation are legally responsible for contractual obligations where the contract was entered into after the corporation was dissolved . . . ." *Id.* at 837.

While the court's broad language quoted above suggests that New York law may hold all shareholders personally liable for post-dissolution contract obligations, we must interpret this language in light of the factual context of the case. The *WorldCom* defendants were actively involved in the dissolved corporation; moreover, they seem to have been instrumental in securing the post-dissolution contract that was the subject of the action. *Id.* at 835-36. Thus, while *WorldCom* recognizes that individual shareholders and officers may be held liable for the post-dissolution debt of a corporation when they played a role in incurring that debt, it would be a stretch, after analyzing the facts of the case, to say that *WorldCom* holds ALL shareholders liable for all of the corporation's debt incurred after dissolution.

Other cases cited by both parties involve facts similar to *WorldCom*. In *Brandes Meat Corp. v. Cromer*, a New York appellate decision, the defendant Edward J. Cromer personally received goods and signed accompanying invoices purportedly on behalf of Edward J. Cromer, Inc., a dissolved corporation.

8

146 A.D.2d 666 (N.Y. App. Div. 1989). When plaintiff sued defendant personally for failing to pay for these goods, the court held that the defendant was personally liable on this account. *Id.* at 667. While the defendant's exact role in the corporation was never specified, it is apparent that it was an active one since the corporation took his name. More importantly, however, the defendant himself actually accepted the goods and signed the invoices for the dissolved corporation. Thus, the court ruled that the defendant was "personally responsible for the obligations *which he incurred....*" *Id.* (emphasis added). Similarly, in *Klein v. Guglielmi*, the court relied on *Brandes Meat Corp.* and held the defendants, the only shareholders of a dissolved corporation, personally liable because they had held themselves out as acting on behalf of a dissolved corporation. 2001 WL 1682934 (N.Y. Sup. Ct. 2001).

Two additional cases support the notion that only certain shareholders are liable for debts of a corporation incurred after dissolution. In *J.M. Lynne Co., Inc. v. Geraghty*, a Connecticut Supreme Court case interpreting New York law, the defendant, president and sole shareholder of the dissolved corporation at issue, was held personally liable for the corporation's debt because he continued to conduct corporate business after dissolution. 528 A.2d 786, 791-93 (Conn. 1987). Likewise, *Annicet Assocs., Inc. v. Rapid Access Consulting, Inc.* held a corporation's only officer personally liable for debts incurred after dissolution. 656 N.Y.S.2d 152, 153 (N.Y. Sup. Ct. 1997). Implicit in the court's reasoning was that the defendant's liability stemmed from his continuation of the corporation's business even after it was dissolved. *See id.* at 154. From a policy perspective, the court recognized that "fraud and abuse would be encouraged if an officer of a dissolved corporation [was] allowed to conduct business in the corporate name" while shielding himself from personal liability with the veil of a non-existent corporation. *Id.* (citations omitted).

The above cases easily establish that New York law holds corporate shareholders, officers, and directors personally liable when they incur post-dissolution debts on behalf of a dissolved corporation.

9

However, there is no indication that New York courts would hold personally liable for post-dissolution obligations a minority shareholder with absolutely no involvement in the corporation. Plaintiffs have cited no case in which a completely passive shareholder was held personally liable. Moreover, when the individual is not at least minimally involved in incurring the post-dissolution debt, the policy articulated in *Annicet Assocs., Inc.* of preventing fraud and abuse would not be served. *See id.* Thus, under our interpretation of New York law, minority shareholders who have not acted on behalf of the dissolved corporation in some manner cannot be held personally liable for the corporation's post-dissolution debts.

Turning now to the case before us, Plaintiffs have presented no facts indicating that the Defendant was involved in incurring Stone Street's post-dissolution debt related to the Control Group's withdrawal liability. Further, while Plaintiffs have presented evidence that the Defendant was an officer of Stone Street, we have already observed that the Defendant has presented evidence to the contrary.[10] Thus, a genuine dispute regarding a material fact exists. Fed. R. Civ. P. 56(c). Accordingly, Plaintiffs' Motion for Summary Judgment is denied.

III. CONCLUSION

For the foregoing reasons, we grant in part and deny in part Plaintiffs' Motion to Strike. We deny Plaintiffs' Motion for Summary Judgment. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 10/13/04

---

[10] Even if Plaintiffs could prove that Defendant was an officer of Stone Street, this fact alone may not be enough to hold Defendant personally liable. Such a determination would involve a careful review of Defendant's precise role as an officer.